

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**
SEP 04 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBIN SINGH EDUCATIONAL SERVICES, ) <br> INC., D.B.A. TESTMASTERS, ) <br> ) <br> and ) <br> ) <br> ROBIN SINGH, ) <br> Defendants. ) <br> _____ ) | CASE NO. **09   4050** <br><br> JURY TRIAL DEMANDED |

### COMPLAINT FOR INJUNCTIVE, MONETARY AND OTHER RELIEF FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT, AND JURY TRIAL DEMAND

Plaintiff, Law School Admission Council, Inc., by its attorneys, Morgan, Lewis & Bockius LLP, brings this action against Robin Singh Educational Services, Inc., d.b.a. TestMasters, and Robin Singh and alleges as follows:

### THE PARTIES

1.  Plaintiff, Law School Admission Council, Inc. ("LSAC") is a Delaware corporation with its principal place of business at 662 Penn Street, Newtown, Pennsylvania 18940.

2.  Defendant, Robin Singh Educational Services, Inc., d.b.a. TestMasters ("TestMasters"), is a California corporation with its principal place of business at 1620 26th Street, Santa Monica, California 90404. Upon information and belief, TestMasters is a company

that specializes in preparing students for the Law School Admission Test created, administered and owned by LSAC.

3. Defendant, Robin Singh ("Singh"), is an individual with a principal residence in Southern California. Upon information and belief, Singh is the founder, sole shareholder/owner and Chief Operating Officer of TestMasters. Defendants TestMasters and Singh are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

4. This action arises under the federal Copyright Act, 17 U.S.C. §§ 101 et seq., and applicable state laws governing contracts.

5. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. §§ 1331, 1332 and 1338(a) and/or § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1400(a), 1391(b) and 1391(c).

## FACTS

### I. LAW SCHOOL ADMISSION TEST

7. LSAC is a non-profit organization that provides admission-related services to law schools and their students, including, but not limited to, the preparation and administration of the Law School Admission Test or LSAT.

8. LSAC currently owns, and at all relevant times has owned, all right, title and interest in and to the copyright in each and every LSAT test it creates and administers, as well as the instructions, answers, answer keys, and material related to each test (collectively, "LSAT Materials").

9. LSAC also owns all right, title, and interest in and to the fifty-eight copyright registrations and pending applications listed in Exhibit A that cover LSAT Materials that have been released to the public. The registrations and applications listed in Exhibit A are collectively referred to as "LSAT Registrations."

10. True and accurate copies of the majority of certificates for the LSAT Registrations and filing receipts for the pending applications are included in Exhibit A.

11. Each year LSAC incurs substantial costs for creating the LSAT Materials, administering the LSAT tests, and coordinating and enforcing its licensing arrangements.

12. LSAC grants royalty-bearing licenses to test-preparation companies that permit the reproduction of certain LSAT Materials for use in preparation course materials, in part, to help offset some of the costs of creating the materials and to provide students who take the preparation course with access to actual questions.

13. LSAC risks serious injury if the public does not respect its copyrights and comply with its license agreements for the LSAT Materials.

## II. DEFENDANTS' BUSINESS AND LICENSE WITH LSAC AND UNAUTHORIZED/UNLICENSED USE OF LSAT MATERIALS

14. Upon information and belief, TestMasters is a company that offers LSAT test-preparation courses and materials.

15. Upon information and belief, Singh is the founder, sole shareholder, and owner of TestMasters, and in that capacity, directly controls and is responsible for the day-to-day operations of the TestMasters business.

16. Upon information and belief, Singh developed and wrote the TestMasters LSAT course.

17. Upon information and belief, Singh continues to create and write the TestMasters LSAT course and review materials.

18. Upon information and belief, Defendants use questions from each and every one of the LSAT tests covered by the LSAT Registrations in their course and/or written preparation materials.

19. Upon information and belief, the TestMasters LSAT course is offered throughout the United States, including in the Commonwealth of Pennsylvania.

20. Upon information and belief, the faculty that teaches the TestMasters LSAT course, including the faculty that teaches the courses offered in the Commonwealth of Pennsylvania, is personally trained by Singh.

21. Starting in 1992, LSAC granted TestMasters a series of limited, royalty-bearing licenses that permitted TestMasters to reproduce certain LSAT Materials.

22. Every license between LSAC and TestMasters includes provisions regarding regular accounting, periodic payments, required copyright notice provisions, and guidelines under which end-users would be required to operate.

23. Most recently, LSAC granted TestMasters a limited, royalty-bearing license, effective August 1, 2007, to reproduce the LSAT Materials covered by the LSAT Registrations subject to the terms of the license agreement between the parties (hereinafter, "2007 License").

24. Section 3 of the 2007 License provides, in part, that "[t]his license will be effective from August 1, 2007 to July 31, 2009."

25. Section 3 of the 2007 License outlines the pricing structure under which TestMasters agrees to pay LSAC for the use of the LSAT Materials covered in the LSAT Registrations.

26. Section 3 of the 2007 License provides that "Licensee agrees to provide an accounting of the number of students enrolled and questions used (as relevant), on or about February 1st or July 31st of each year, along with the appropriate payment, calculated as outlined above."

27. Defendants failed to provide an accounting on or around July 31, 2008.

28. Defendants failed to make a royalty payment on or around July 31, 2008.

29. Defendants failed to provide an accounting on or around February 1, 2009.

30. Defendants failed to make a royalty payment on or around February 1, 2009.

31. On June 22, 2009, however, TestMasters sent an email to LSAC providing an "accounting of [its] students enrolled in [the] full-length and weekend courses for the June 2008, October 2008, December 2008, and February 2009 administrations."

32. The accountings provided on June 22, 2009 (that were due on or around July 31, 2008 and February 1, 2009) resulted in approximately $900,000 in license fees owed by TestMasters to LSAC.

33. TestMasters further failed to comply with its obligation to provide an accounting or payment on July 31, 2009 and, to date, still has not provided such accounting.

34. The 2007 License expired on July 31, 2009.

35. As of the expiration of the 2007 License, TestMasters owes LSAC at least $900,000 in license fees plus the total amount that would be calculated and owed as a result of the accounting that was to be provided on or around July 31, 2009.

36. On August 4, 2009, LSAC, by its legal counsel, sent TestMasters another letter (a) reminding it that the license to use the LSAT Materials expired on July 31, 2009; (b) demanding that it immediately cease and desist from any use of LSAC's proprietary LSAT

Materials; and (c) advising it that any continued, unlicensed use of the LSAT Materials would constitute willful copyright infringement.

37. In the August 4, 2009 letter, LSAC advised TestMasters that it would be willing to "consider a request for a new license" but only after TestMasters' compliance with outstanding accounting/payment obligations.

38. On August 9, 2009, Singh sent an email to LSAC's counsel, stating that he could not "discontinue using the LSAT questions" but that he would reply substantively to LSAC's August 4 letter by August 24, 2009.

39. On August 12, 2009, LSAC sent Singh a letter that reiterated the demands in the August 4 letter and provided deadlines by which Singh either would need to confirm that Defendants had ceased all use of the LSAT Materials or would pay all past license fees due under the 2007 License and enter a new license.

40. On August 19, 2009, Singh responded to LSAC saying that Defendants were "not in a position to" comply with either the demand that they stop using the proprietary LSAT Materials or pay the license fees due under the 2007 License.

41. In the August 19, 2009 letter, Singh stated: "I have read over our licensing agreement and I acknowledge that we are obligated to pay you in full under the terms of that agreement . . . ."

42. Singh further stated in his August 19, 2009 communication: "If I could, I would pay you those fees in full today, but I cannot."

43. In his August 19, 2009 communication, Singh proposed a payment schedule pursuant to which he would pay $50,000 or $100,000 immediately and the rest by March 2010.

44. In a letter dated August 21, 2009, LSAC responded to Singh, once again reiterating its position regarding the continued unlicensed use of the LSAT Materials, setting out a payment schedule and other settlement terms to which it was willing to agree, providing an August 25, 2009 deadline for Singh to return the signed settlement agreement, and providing an August 31, 2009 deadline to enter an appropriate license agreement.

45. That same day, Singh responded by email: "I already fedexed a check for $100,000 [] this morning. I hope that will satisfy provision 1a."

46. On August 24, 2009, LSAC, by its legal counsel, responded to Singh's email, reiterating the terms of the settlement and setting a final August 25, 2009, for him to agree to the non-negotiable terms set forth in the draft settlement.

47. Singh failed to meet the August 25, 2009 deadline.

48. Singh has expressly acknowledged liability for past-due license fees under the 2007 License.

49. Defendants continue to use, distribute, publicly display and create derivative works of materials that incorporate the LSAT Materials covered by the LSAT Registrations without a proper license or other authorization to do so.

50. LSAC has suffered financial harm from Defendants' past conduct and will continue to suffer financial harm if Defendants are permitted to continue their infringing conduct.

51. If Defendants are permitted to continue their infringing conduct, LSAC will suffer ongoing injury that cannot be quantified by monetary damages.

## COUNT I
### (Copyright Infringement)

52. LSAC realleges and incorporates herein by reference Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. LSAC owns a valid copyright in all of the LSAT Materials.

54. The validity of LSAC's copyright in the LSAT Materials covered by the LSAT Registrations and LSAC's ownership of those copyrights are presumed by virtue of the registrations pursuant to 17 U.S.C. § 410(c).

55. By its actions, Defendants have infringed, and continue to infringe, LSAC's copyright of all of the LSAT Materials covered by the LSAT Registrations.

56. The infringement of each of the registered LSAT Materials on Exhibit A constitutes a separate count of copyright infringement.

57. With respect to each of the LSAT Materials covered by the LSAT Registrations, Defendants have infringed the exclusive right of LSAC to use, reproduce, distribute, publicly display and create derivative works of the LSAT Materials pursuant to 17 U.S.C. § 106.

58. Each of the fifty-three current LSAT Registrations was granted prior to the commencement of the infringement by Defendants.

59. Defendants' conduct in using, reproducing, distributing, publicly displaying and creating derivative works for the LSAT Materials in violation of LSAC's copyrights has been knowing, willful and/or intentional.

60. LSAC believes that Defendants may have, in like manner, infringed other copyrights owned by LSAC, the identification of which will be determined in the course of discovery.

61. LSAC has suffered substantial monetary harm from Defendants' conduct and will continue to suffer monetary harm if Defendants are permitted to continue their infringing conduct. In addition, if Defendants are permitted to continue their infringing conduct, LSAC will suffer ongoing injury for which there is no adequate remedy at law.

## COUNT II
### (Breach of Contract against TestMasters)

62. LSAC realleges and incorporates herein by reference Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Section 3 of the 2007 License obligates TestMasters to provide periodic accountings for the amount of students enrolled in its courses.

64. TestMasters has not provided the required accounting for July 31, 2009.

65. Section 3 of the 2007 License also obligates TestMasters to pay LSAC royalties corresponding to the number of students enrolled in its courses and/or the number of questions from the LSAT Materials that it uses.

66. TestMasters has not paid the required royalty fees under the 2007 License.

67. Defendant Singh acknowledged TestMasters' obligation to pay but refused to do so.

68. TestMasters has breached the 2007 License by failing to provide required accountings and pay royalty fees.

69. Section 2 of the 2007 License causes the agreement to expire July 31, 2009.

70. TestMasters did not cease using the LSAT Materials covered by the 2007 License as of the July 31, 2009 expiration date.

71. TestMasters has breached the 2007 License by failing to cease use of the licensed materials as of the expiration date.

72. The aforesaid acts of TestMasters have been knowing, willful and/or intentional.

73. The aforesaid acts of TestMasters have caused and will continue to cause significant harm to LSAC.

## PRAYER FOR RELIEF

WHEREFORE, LSAC prays that this Honorable Court:

1. Preliminarily and permanently enjoin TestMasters, and its owners, officers, agents, servants, employees, and all those in active concert with it or in participation with it, from (a) all further use, reproduction, distribution, public display and/or creation of derivative works of LSAT Materials or materials that incorporate LSAT Materials, in whole or in part; and (b) making any statement on its website or in other promotional materials that expressly or impliedly suggests that TestMasters has a license or other authorization from LSAC to use, reproduce, public display or create derivative works of LSAT Materials.

2. Issue an order permanently enjoining Singh, in his individual capacity, and in his capacity as an officer of TestMasters, and all those in active concert with him or in participation with him, from (a) all further use, reproduction, distribution, public display and/or creation of derivative works of LSAT Materials or materials that incorporate LSAT Materials, in whole or in part; and (b) making any statement that expressly or impliedly suggests that TestMasters has a license or other authorization from LSAC to use, reproduce, public display or create derivative works of LSAT Materials.

3. Issue an order directing TestMasters and Singh to immediately destroy all copies of LSAT Materials or portions of LSAT Materials in their possession or control in any and all media, including any TestMasters LSAT Course or related materials in any and all media that incorporate any portion of the LSAT Materials;

4. Award LSAC damages against Defendants for any and all damages allowable by law, including, without limitation, statutory damages pursuant to 17 U.S.C. § 504(c)(1) as applicable, and/or at LSAC's election, LSAC's actual damages arising from Defendants' infringement of copyright and any applicable profit of Defendants' pursuant to 17 U.S.C. § 504(a);

5. Increase statutory damages pursuant to 17 U.S.C. § 504(c)(2) as appropriate for Defendants' willful infringement of copyright in the maximum amount permitted by law;

6. Award LSAC against TestMasters its direct and consequential damages arising from TestMasters' breach of contract;

7. Award LSAC its reasonable attorneys' fees, costs of suit and interest;

8. Award LSAC punitive damages under any applicable law; and

9. Award LSAC any and all such other and further relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on any and all claims for which it is appropriate.

Respectfully submitted,

LAW SCHOOL ADMISSION COUNCIL, INC.
By Its Attorneys

_____
John V. Gorman (Pa. I.D. No. 80631)
Andrew C. Whitney (Pa. I.D. No. 201534)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5000

Brett I. Miller (*Of Counsel*)
Anita B. Polott (*Of Counsel*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202.739.3000

Dated: September 4, 2009