**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAW SCHOOL ADMISSION COUNCIL, INC.** : | **CIVIL ACTION** |
| : | **Case No. 09-cv-04050-JF** |
| : | |
| : | |
| **Plaintiff,** : | |
| **v.** : | |
| : | |
| **ROBIN SINGH EDUCATIONAL SERVICES,** : | |
| **INC., D.B.A. TESTMASTERS** : | |
| : | |
| **and** : | |
| : | |
| **ROBIN SINGH,** : | |
| **Defendants.** : | |

**ORDER**

THE COURT HAS CONSIDERED Plaintiff Law School Admission Council, Inc.'s ("LSAC's") motion for preliminary injunction, all briefing related thereto, the pleadings, and evidence, and the Court finds that Plaintiff's motion should be granted because Plaintiff has met its burden under Federal Rule of Civil Procedure 65.

As set forth herein, defendant Robin Singh Educational Services, Inc. d/b/a TestMasters ("TestMasters") has used and seeks to continue to use LSAC's exclusive copyrights without LSAC's authorization. As a result, the Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits of its underlying copyright claim.

The Court finds that Plaintiff has clearly shown the likelihood of substantial and irreparable injury with no adequate remedy at law if TestMasters is permitted to continue its unauthorized use of LSAC's exclusive copyrights. Specifically, the Court finds the following conduct has been established to the requisite degree required to support a Preliminary Injunction:

1.      LSAC is the owner of copyrights relating to the Law School Admission Tests, and the respective answers, answer keys, and materials related thereto ("LSAC's Copyrights").  LSAC's Copyrights, all of which are either registered or the subject of pending applications for registration, are listed below together with the corresponding registration or application number assigned by the U.S. Copyright Office.

2.      TestMasters is not licensed or otherwise authorized to use, reproduce, distribute, publicly display and create derivative works of LSAC's Copyrights.

3.      TestMasters has used, reproduced, distributed, publicly displayed and created derivative works of LSAC's Copyrights and has stated its intention to continue to use, reproduce, distribute, publicly display and create derivative works of LSAC's Copyrights without authorization to do so.

4.      TestMasters states on its website and in promotional materials the fact that its course incorporates real questions from the Law School Admission Tests that are covered by LSAC's Copyrights.

5.      TestMasters owes LSAC over one million dollars for royalties due under a recently expired license with LSAC.

6.      TestMasters has acknowledged its obligation to pay such royalties, but maintains that it is financially unable to pay LSAC the money owed.

7.      TestMasters' unauthorized use of LSAC's Copyrights undermines the value of such copyrights.

8.      LSAC is unlikely to ever be appropriately compensated by TestMasters for its use of such copyrights.

9.      LSAC will suffer irreparable harm if a preliminary injunction does not issue.

10.      The harm that LSAC will suffer if a preliminary injunction does not issue greatly outweighs any relevant harm that TestMasters' own unlawful conduct may cause it if a preliminary injunction does issue.

11.      Granting the preliminary injunction serves the public interest in preventing unauthorized and infringing uses of valuable copyrights.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT THE COURT ENJOINS THE DEFENDANT AS FOLLOWS:

TestMasters, its owners, officers, agents, servants, employees, and all those in active concert and/or participation with it, are enjoined from:

(a)      making any use including, but not limited to, reproducing, distributing, publicly displaying and creating derivative works of LSAC's Copyrights, and of any materials that incorporate LSAC's Copyrights; and

(b)      making any statement on its website or in other promotional materials that expressly or impliedly suggests that TestMasters has a license or other authorization from LSAC to use, reproduce, distribute, publicly display or create derivative works of LSAC's Copyrights. The following is a complete list of Applications and Registrations for LSAC's Copyrights:

| LSAT Date | TX No. | Publication Title |
|-----------|--------|-------------------|
| Jun 1991  | 3-108-640 | Prep Test 1 |
| Oct 1991  | 3-189-582 | Prep Test 2 |
| Dec 1991  | 3-236-832 | Prep Test 3 |
| Feb 1992  | 3-261-875 | Prep Test 4 |
| Jun 1992  | 3-353-729 | Prep Test 5 |
| Oct 1992  | 3-447-104 | Prep Test 6 |

| | | |
|---|---|---|
| Feb 1993 | 3-501-188 | Prep Test 7 |
| Jun 1993 | 3 554 482 | Prep Test 8 |
| Oct 1993 | 3-685-271 | Prep Test 9 |
| Feb 1994 | 3-777-202 | Prep Test 10 |
| Jun 1994 | 3-853-020 | Prep Test 11 |
| Oct 1994 | 3-948-181 | Prep Test 12 |
| Dec 1994 | 3-989-782 | Prep Test 13 |
| Feb 1995 | 4-056-721 | Prep Test 14 |
| Jun 1995 | 4-089-495 | Prep Test 15 |
| Sep 1995 | 4-148-489 | Prep Test 16 |
| Dec 1995 | 4-134-243 | Prep Test 17 |
| Dec 1995 | 3 462-549 | Prep Test 18 |
| Jun 1996 | 4-331-950 | Prep Test 19 |
| Oct 1996 | 4-404-685 | Prep Test 20 |
| Dec 1996 | 4-440-163 | Prep Test 21 |
| Jun 1997 | 4-617-910 | Prep Test 22 |
| Oct 1997 | 4-664-783 | Prep Test 23 |
| Dec 1997 | 4-701-316 | Prep Test 24 |
| Jun 1998 | 4-838-001 | Prep Test 25 |
| Sep 1998 | 4-877-110 | Prep Test 26 |
| Dec 1998 | 4-921-211 | Prep Test 27 |
| Jun 1999 | 5-021-808 | Prep Test 28 |
| Oct 1999 | 5-109-974 | Prep Test 29 |
| Dec 1999 | 5-144-140 | Prep Test 30 |
| Jun 2000 | 5-253-192 | Prep Test 31 |
| Oct 2000 | 5-218-039 | Prep Test 32 |

| Dec 2000 | 5-332-761 | Prep Test 33 |
|---|---|---|
| Jun 2001 | 5-424-216 | Prep Test 34 |
| Oct 2001 | 5-653-906 | Prep Test 35 |
| Dec 2001 | 5-488-331 | Prep Test 36 |
| Jun 2002 | 5-594-520 | Prep Test 37 |
| Oct 2002 | 5-691-098 | Prep Test 38 |
| Dec 2002 | 5-836-335 | Prep Test 39 |
| Jun 2003 | 5-822-571 | Prep Test 40 |
| Oct 2003 | 6-003-593 | Prep Test 41 |
| Dec 2003 | 6-003-591 | Prep Test 42 |
| Jun 2004 | 6-087-679 | Prep Test 43 |
| Oct 2004 | 6-087-678 | Prep Test 44 |
| Dec 2004 | 6-164-357 | Prep Test 45 |
| Jun 2005 | 6-417-909 | Prep Test 46 |
| Sep 2005 | 6-417-907 | Prep Test 47 |
| Dec 2005 | 6-417-908 | Prep Test 48 |
| Jun 2006 | 6-503-746 | Prep Test 49 |
| Sep 2006 | 6-503-744 | Prep Test 50 |
| Dec 2006 | 6-503-745 | Prep Test 51 |
| Sep 2007 | 6-877-474 | Prep Test 52 |
| Dec 2007 | 6-877-264 | Prep Test 53 |
| Jun 2008 | Filed: 9/3/09 Receipt No. 1-3XXTX7 | Prep Test 54 |
| Oct 2008 | Filed: 9/3/09 Receipt No. 1-3XXTX7 | Prep Test 55 |

| Dec 2008 | Filed: 9/3/09 Receipt No. 1-3XXTX7 | Prep Test 56 |
|----------|-------------------------------------|--------------|
| Feb 2009 | Filed: 9/3/09 Receipt No. 1-3XXTX7 | Prep Test 57 |
| Jun 2009 | Filed: 9/3/09 Receipt No. 1-3XXTX7 | Prep Test 58 |

Issued on this _____ day of _____, 2009.

_____

John P. Fullam, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAW SCHOOL ADMISSION COUNCIL, INC.** : | **CIVIL ACTION** |
| : | **Case No. 09-cv-04050-JF** |
| : | |
| : | |
| **Plaintiff,** : | |
| **v.** : | |
| : | |
| **ROBIN SINGH EDUCATIONAL SERVICES,** : | **ORAL ARGUMENT** |
| **INC., D.B.A. TESTMASTERS** : | **REQUESTED** |
| : | |
| **and** : | |
| : | |
| **ROBIN SINGH,** : | |
| **Defendants.** : | |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Law School Admission Council, Inc. ("LSAC") moves the Court to preliminarily enjoin Defendant Robin Singh Educational Services, Inc. d.b.a. TestMasters, its owners, officers, agents, servants, employees, and all those in active concert and/or participation with it, from making any use including, but not limited to, reproducing, distributing, publicly displaying and creating derivative works of LSAC's copyrights, and of any materials that incorporate LSAC's copyrights. The reasons for this motion are set forth in the accompanying memorandum of law, the contents of which are incorporated herein by reference.

September 4, 2009

Respectfully submitted,

s/ John V. Gorman
John V. Gorman (PA Bar No. 80631)
Andrew C. Whitney (PA Bar No. 201534)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215-963-5000

*Of Counsel:*
Brett I. Miller
Anita B. Polott
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave, N.W.
Washington, D.C.  20004
Tel: 202-739-3000

ATTORNEYS FOR PLAINTIFF
LAW SCHOOL ADMISSION
COUNCIL, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ———————————————— : | | |
| **LAW SCHOOL ADMISSION COUNCIL, INC.** : | | **CIVIL ACTION** |
| : | | **Case No. 09-cv-04050-JF** |
| : | | |
| : | | |
| **Plaintiff,** : | | |
| **v.** : | | |
| : | | |
| **ROBIN SINGH EDUCATIONAL SERVICES,** : | | **ORAL ARGUMENT** |
| **INC., D.B.A. TESTMASTERS** : | | **REQUESTED** |
| : | | |
| **and** : | | |
| : | | |
| **ROBIN SINGH,** : | | |
| **Defendants.** : | | |
| ———————————————— : | | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR PRELIMINARY INJUNCTION**

John V. Gorman (Pa. Bar No. 80631)
Andrew C. Whitney (Pa. Bar No. 201534)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5000

*Of Counsel:*
Brett I. Miller
Anita B. Polott
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202-739-3000

ATTORNEYS FOR PLAINTIFF
LAW SCHOOL ADMISSION COUNCIL, INC.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS ................................................................................. 2

    A.   LSAC's Development and Licensing of the Law School Admission Test............ 2

    B.   The TestMasters LSAT Course and Its License for the LSAT Materials.............. 2

    C.   History between LSAC and TestMasters................................................................ 3

    D.   TestMasters' Breach of the 2007 License............................................................. 4

    E.   TestMasters' Infringement of the LSAC Copyrights............................................ 5

    F.   The Harm to LSAC from TestMasters' Infringement .......................................... 5

III  ARGUMENT ...................................................................................................... 6

    A.   LSAC is Likely to Succeed on the Merits of Its Claim for Copyright
           Infringement........................................................................................................ 7

           1.   LSAC Owns Valid Copyrights for the LSAT Materials........................... 8

           2.   TestMasters Has Used and Continues to Use the LSAT Materials ........... 9

    B.   LSAC Will Continue to Suffer Irreparable Harm if the Court Does Not
           Issue a Preliminary Injunction ........................................................................... 10

    C.   TestMasters Will Not Suffer Irreparable Harm if the Court Issues a
           Preliminary Injunction ....................................................................................... 12

    D.   The Public Interest Favors Granting LSAC's Motion for Preliminary
           Injunction ........................................................................................................... 14

IV.  CONCLUSION................................................................................................. 14

TABLE OF AUTHORITIES

**Cases**

*Acierno v. New Castle County*, 40. F.3d 645, 653 (3d Cir. 1994) .........................................12-13

*AMC Tech., L.L.C. v. SAP AG*, 78 U.S.P.Q.2d 1834, 1844 (E.D. Pa. 2005) .......................12, 14

*Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994) ....................................................................................................................................... 14

*Apple Computer, Inc. v. Franklin Computer, Corp.*, 714 F.2d 1240, 1242 (3rd Cir. 1983)… ........................................................................................................................................passim

*Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, LTD*, 555 F. Supp. 2d 537 (E.D. Pa. 2008) ..................................................................................................................................... 14

*Dam Things From Denmark v. Russ Berrie & Co.*, 290 F.3d 548, 561 (3d Cir. 2002) ............... 7

*Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3rd Cir. 2002) .............................................................................................................................................. 8, 10

*Educ. Testing Sers. v. Katzman*, 793 F.2d 533, 544 (3d Cir. 1986) ........................................... 11

*FedEx Ground Package Sys. v. Applications Int'l Corp.*, 2008 U.S. Dist. LEXIS 107896, at *21 (3d Cir. Sep. 12, 2008) ....................................................................................................... 8

*Greenfield v. Twin Vision Graphics, Inc.*, 268 F. Supp. 2d 358, 371-372 (D.N.J. 2003) ............ 9

*Inst. for Motivational Living v. Sylvan Learning Ctr., Inc.*, 2008 U.S. Dist. LEXIS 9631, at *8 ........................................................................................................................................ 9, 13

*John T. v. Commonwealth of Pennsylvania*, 2000 U.S. Dist. LEXIS 6169, at *23 (E.D. Pa. May 8, 2000) ..............................................................................................................................13-14

*Neo Gen Screening, Inc. v. Telechem Int'l, Inc.*, 2003 U.S. App. LEXIS 14025, at *9-10 (3rd Cir. July 11, 2003) ................................................................................................................ 13

*Novartis v. Johnson & Johnson-Merck Consumer Pharm.*, 290 F.3d 578, 596 (3d Cir. 2002) ......................................................................................................................................... 13

*Red Giant, Inc. v. Molzan, Inc.*, 2009 U.S. Dist. LEXIS 63990, at *32-34 (S.D. Tex. July 24, 2009.................................................................................................................................... 9

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 196
(3d Cir. 2003) .......................................................................................................... 7, 12, 14

**Statutes and Rules**

17 U.S.C. § 410(c) ............................................................................................................... 8

17 U.S.C. § 502 .................................................................................................................... 6

Fed. R. Civ. P. 65 ................................................................................................................ 1

## I.    INTRODUCTION

Plaintiff Law School Admission Council, Inc. ("LSAC") submits this memorandum in support of its Motion for Preliminary Injunction.  LSAC respectfully requests this Court to enjoin Defendant Robin Singh Educational Services, Inc. d/b/a TestMasters ("TestMasters") from continuing to violate LSAC's exclusive copyright rights in the Law School Admission Tests, and the respective answers, answer keys, and materials related thereto ("LSAT Materials").  TestMasters, a former licensee of the LSAT Materials, owes LSAC over one million dollars for royalties due under a past license.  TestMasters recently acknowledged its obligation to pay such royalties, but maintained that it is financially unable to pay LSAC the money owed.  Nevertheless, TestMasters has made clear that it will continue to utilize LSAT Materials in the absence of license or other authorization to do so.

The facts and equities of this case warrant entry of a preliminary injunction.  LSAC has a strong likelihood of succeeding on the merits of its copyright infringement claim against its former licensee, given TestMasters' admissions that it has a duty to pay royalties for use of LSAC's copyrights and that it intends to continue use of the LSAT Materials.  LSAC will suffer irreparable harm if a preliminary injunction does not issue, because TestMasters' unlicensed large-scale commercial use of the copyrights undermines their value, and TestMasters financial condition is such that LSAC is unlikely to ever be appropriately compensated for TestMasters ongoing use of such copyrights.  Moreover, the harm that LSAC will suffer if a preliminary injunction does not issue greatly outweighs any relevant harm that TestMasters' unlawful conduct may cause it if a preliminary injunction does issue.  Finally, the public interest favors entry of a preliminary injunction against unauthorized and infringing uses of valuable copyrights.

## II.     STATEMENT OF FACTS

### A.     LSAC's Development and Licensing of the Law School Admission Test

LSAC is a nonprofit organization that provides services to law schools and their students, including, but not limited to, the preparation and administration of the Law School Admission Test or LSAT.  Declaration of James Vaseleck ("Vaseleck Decl."), ¶ 4.  LSAC currently owns, and, at all relevant times, has owned all right, title and interest in and to the LSAT Materials, and has registered or sought registration of almost all of the copyrights in these materials with the U.S. Copyright Office.  Vaseleck Decl., ¶ 5.

LSAC grants licenses to test preparation companies so that students using the preparation courses will have access to actual test questions and because the license fees help it offset some of the costs of developing and administering the test.  Vaseleck Decl., ¶ 6-7.  These licenses permit the reproduction of certain LSAT Materials for use in preparation course instructions and materials in exchange for royalty payments calculated based on the number of students and/or questions used, consistent with the terms of their respective licenses.  Vaseleck Decl., ¶ 6. LSAC also licenses LSAT Materials to university-based pre-law advisors, pre-law societies, and other nonprofit organizations devoted to providing expanded opportunities for minority law applicants.  Each of these licensees are granted on a royalty-free basis and permit the licensees to make limited use of the LSAT Materials for noncommercial purposes, consistent with the terms of their respective licenses. Vaseleck Decl., ¶ 8.

### B.     The TestMasters LSAT Course and Its License for the LSAT Materials

TestMasters is a company that offers LSAT test preparation courses and materials (the "TestMasters LSAT Course").  Vaseleck Decl., ¶ 10.  TestMasters has relied on its licensed use of the LSAT Materials to promote its course.  By way of example, according to the TestMasters website, "every student enrolled in [the] full length course receives a personal set of every

available real LSAT question in existence (more than 6000 questions) . . . and these questions are grouped according to type so that students can grasp the underlying consistencies of the exam." Vaseleck Decl., ¶ 11, Ex. 1.  The TestMasters LSAT Course is offered throughout the United States, including numerous locations in the Commonwealth of Pennsylvania.  Vaseleck Decl., ¶ 12, Ex. 2.  Classes are scheduled to coincide with the four dates the LSAT is given on each year, i.e., February, June, September and December.  *Id.*  There are courses currently under way at the through the country, including at the University of Pennsylvania, for the September test and courses that will start in mid-September for the December exam.  Vaseleck Decl., ¶¶ 12, Ex. 2 and 13, Ex. 3.

        **C.**      **History between LSAC and TestMasters**

In February 1992, Defendant Robin Singh, the founder, sole shareholder/owner and president of TestMasters, approached LSAC requesting permission and a commercial license to reproduce and incorporate into its LSAT Preparation Course all available LSAT questions. LSAC agreed to that license and subsequently granted TestMasters a series of limited, royalty-bearing licenses that permitted TestMasters to reproduce certain LSAT Materials.  Vaseleck Decl., ¶ 14, Ex. 4.  Each and every license between LSAC and TestMasters includes provisions regarding regular accounting, periodic payments, required copyright notice provisions, and guidelines under which end-users would be required to operate.  Vaseleck Decl., ¶ 15.

Since 1992, TestMasters has repeatedly failed to make timely accountings and royalty payments under its licenses, finding itself in arrears multiple times in seventeen years.  Vaseleck Decl., ¶ 16.  Until recently, TestMasters always eventually provided the accounting and paid the royalties.

**D.** **TestMasters' Breach of the 2007 License**

LSAC's difficulties with TestMasters increased significantly with regard to the most recent license agreement between LSAC and TestMasters. This license, which covers the period starting August 1, 2007 and ending July 31, 2009 (the "2007 License"), was based on a royalty fee structure proposed by TestMasters. Vaseleck Decl., ¶ 19, Ex. 7. In February 2008, TestMasters failed to meet its obligation to provide a first accounting under the 2007 License, and to pay related corresponding royalties. Vaseleck Decl., ¶ 20. TestMasters originally claimed that it did not have the money to pay the royalties owed at that time due to its funding of litigations against two competitors. Vaseleck Decl., ¶ 23, Ex. 10. Although TestMasters eventually paid the fees it owed from February 2008, such payment was coupled with TestMasters' claim that LSAC's insistence that TestMasters honor its obligation under the license agreement it had negotiated "as a form of extortion." Vaseleck Decl., ¶ 24, Ex. 11. At the time, Singh suggested that he did not believe LSAC was entitled to the license fees and that he would "use all legal means available to recoup the money [he had] paid." *Id.*

In July 2008 and February 2009, TestMasters again failed to provide the required accounting and payments under the 2007 License. Vaseleck Decl., ¶ 25. Despite multiple reminders from LSAC and multiple promises from TestMasters that both would be forthcoming, TestMasters did not actually provide the accounting for these periods until June 22, 2009. *Id.* The 2007 License expired on July 31, 2009 without any further payments having been made, and without TestMasters providing the accounting due under the license by July 31, 2009. Vaseleck Decl., ¶ 29. As of the expiration of the 2007 License, TestMasters owed LSAC at least $906,591 in license fees <u>plus</u> the total amount that would be calculated and owed as a result of the accounting that was due by July 31, 2009. Vaseleck Decl., ¶ 30.

4

### E.    TestMasters' Infringement of the LSAC Copyrights

LSAC has made repeated efforts to facilitate TestMasters' compliance with its license obligations.  Vaseleck Decl., ¶ 21, 23, and 25.   Although TestMasters has made clear that it is obligated to pay the past due royalties, it has failed to do so.  In an August 19, 2009 communication with LSAC's counsel, Singh acknowledged TestMasters' obligation to pay the outstanding royalty fees under the 2007 License but insisted that TestMasters was not "in a position" to pay because of money spent funding other litigations.  Vaseleck Decl., ¶ 35, Ex. 17 ("I have read over our licensing agreement and I acknowledge that we are obligated to pay you in full under the terms of that agreement. . . .").   Troublingly, Singh also made clear that TestMasters will continue to use the LSAT Materials without a license.  *Id.*  ("[W]e cannot discontinue using LSAT questions copyrighted by the LSAC, since this would require TestMasters to shutdown its business completely.").

In a letter dated August 21, 2009, LSAC's counsel responded to Singh, reiterating its position regarding the continued unlicensed use of the LSAT Materials, setting out a payment schedule and other nonnegotiable settlement terms to which it was willing to agree, and providing an August 25, 2009 deadline for Singh to return a signed settlement agreement.  Vaseleck Decl., ¶ 36, Ex. 18.  Singh did not meet the August 25, 2009 deadline.  Vaseleck Decl., ¶ 37, Ex. 19.

### F.    The Harm to LSAC from TestMasters' Infringement

LSAC has suffered, and will continue to suffer, harm from TestMasters' infringing conduct.  LSAC incurs substantial expenses and resources in creating the LSAT questions, carefully calibrating them until they are suitable for testing, administering the test questions on a quarterly basis, and preserving the integrity of the test.  Vaseleck Decl., ¶ 42.  LSAC's substantial investment in the quality and effectiveness of this test has created a market for it to

license the questions to test preparation companies (such as TestMasters) for fees that help offset the aforementioned costs. *Id.* The license agreements LSAC enters into with its commercial licensees provide strict terms which protect the LSAT Materials and restrict the circumstances under which end-users may use the materials. Vaseleck Decl., ¶ 42. Allowing TestMasters to make unauthorized use of the LSAT Materials directly affects LSAC's reputation, the standards by which other licensees of the LSAT Materials may agree to operate, and may also have an effect on the royalties LSAC will be able to set for its valuable materials in the years to come. Vaseleck Decl., ¶ 44. TestMasters' widespread, unauthorized commercial use also has the potential to place LSAC's valuable copyrighted materials into the hands of a countless number of end-users, whose unauthorized and unrestricted uses could undermine the value of the copyright. Vaseleck Decl., ¶ 45. If TestMasters is permitted to continue its infringing conduct, LSAC will suffer ongoing injury that cannot be quantified in monetary damages. Vaseleck Decl., ¶ 46. Even if such monetary damages could be quantified, TestMasters has stated that it is "in the red" and unable to pay for the use of LSAT Materials and, therefore, LSAC is unlikely to be able to recover any monetary damages awarded against it. Vaseleck Decl., ¶26, Ex. 13 and ¶ 35.

## III.   ARGUMENT

Injunctions are an essential remedy available to protect the rights of copyright owners. *See* 17 U.S.C. § 502 (authorizing courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). To prevail on its motion for a preliminary injunction, a movant must show:

> (1) that it is reasonably likely to succeed on the merits of its copyright infringement claim and (2) a likelihood that it will suffer irreparable harm if the injunction is denied. Other issues to consider if relevant are (3) the likelihood of irreparable harm to the non-moving party and (4) the public interest."

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 196 (3d Cir. 2003) (internal citation and quotation omitted).  Upon consideration of these factors, this Court has discretion to grant the request of the preliminary injunctive relief.  *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1242 (3rd Cir. 1983) (stating that "the decision to grant or refuse to grant a preliminary injunction is within the discretion of the district court").  As discussed below, LSAC is likely to succeed on the merits of its copyright infringement claim against TestMasters, who has licensed the LSAT Materials for over seventeen years and now admittedly continues to use such materials without a license.  Likewise, the irreparable harm to LSAC's valuable copyrights, and to the public interest in protecting the exclusive rights granted to a copyright owner by the U.S. Copyright Act, far outweigh any arguable harm to the defendant.  A preliminary injunction should be entered at once.

### A.    LSAC is Likely to Succeed on the Merits of Its Claim for Copyright Infringement.

In this lawsuit, LSAC asserts, <u>inter</u> <u>alia</u>, claims against TestMasters for infringement of LSAC's copyrights covering the LSAT Materials.  *See* Complaint, Count I.  LSAC can establish an extremely high likelihood that it will succeed on the merits of this claim.  To succeed on the copyright infringement claim, a plaintiff must show (1) it owns a valid copyright in the work in question, and (2) that the defendant copied same.  *See Dam Things From Denmark v. Russ Berrie & Co.*, 290 F.3d 548, 561 (3d Cir. 2002) (citations omitted).  LSAC can make a prima facie showing of these factors, and is thereby entitled to an injunction against TestMasters' use of the LSAT Materials.  *Apple Computer*, 714 F.2d at 1254 (stating that "[a] copyright plaintiff who makes out a prima facie case of infringement is entitled to a preliminary injunction . . . .") (citations omitted).

### 1. LSAC Owns Valid Copyrights for the LSAT Materials.

LSAC owns all right, title and interest in and to the LSAT Materials, and has registered almost all of the copyrights in these materials with the U.S. Copyright Office. Vaseleck Decl., ¶ 5. The registration certificates attached to the complaint as Exhibit A are prima facie evidence of LSAC's copyright ownership in and validity of the LSAT Materials. 17 U.S.C. § 410(c) (stating "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate."). *See also Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3rd Cir. 2002) ("In the instant case, the ownership of the copyrighted property is undisputed, as is its validity. The United States Copyright Office issued to [plaintiff] certificates of registrations . . . "). The burden, therefore, rests squarely with TestMasters to rebut the presumption of ownership and validity. *See FedEx Ground Package Sys. v. Applications Int'l Corp.*, 2008 U.S. Dist. LEXIS 107896, at *21 (3d Cir. Sep. 12, 2008) (citations omitted).

TestMasters cannot meet such burden. The LSAT Materials are original and were created by LSAC, and there is nothing that would support an argument that they are not entitled to copyright protection. In any event, TestMasters' previous payment of license fees for use of such materials, and its recent acknowledgement of its obligation to pay as-yet unpaid royalty fees for use of such materials, constitutes an admission of the validity of LSAC's copyright rights therein. *See e.g.,* Vaseleck Decl., ¶ 35, Ex. 17 (TestMasters' president "acknowledge[s] that we are obligated to pay you in full under the terms of [the 2007 License]" and that claimed that TestMasters could not "discontinue using LSAT questions copyrighted by the LSAC"). Thus, this Court can conclude that LSAC owns valid copyrights of the works in question.

### 2.    TestMasters Has Used and Continues to Use the LSAT Materials.

A licensee's use of copyrighted material that exceeds the scope or, as in this case, duration of its copyright license constitutes the basis of a successful claim for copyright infringement. *See Red Giant, Inc. v. Molzan, Inc*., 2009 U.S. Dist. LEXIS 63990, at *32-34 (S.D. Tex. July 24, 2009) (finding injunctive relief appropriate when licensee continued use of copyrighted materials after expiration of license); *Inst. for Motivational Living, Inc. v. Sylvan Learning Ctr., Inc*., 2008 U.S. Dist. LEXIS 9631, at *8 (W.D. Pa. Feb. 7, 2008) (holding use of copyrighted materials by licensee subsequent to expiration of license as unauthorized use); *Greenfield v. Twin Vision Graphics, Inc*., 268 F. Supp. 2d 358, 371-372 (D.N.J. 2003) (citations omitted) (finding that copyright licensee's use of copyrighted materials beyond the scope or duration of license constitutes infringement) (citing *Marshall v. New Kids on Block P'ship*, 780 F. Supp. 1005, 1009 (S.D.N.Y. 1991) (stating that "a copyright licensee can make himself a 'stranger' to the licensor by using the copyrighted material in a manner that exceeds either the duration or the scope of [respective] license"; exploitation of copyrighted materials after termination of license constitutes valid claim for copyright infringement) (citations omitted)).

It is undisputed that TestMasters continues to make unauthorized use of LSAC's copyrights without permission.  The 2007 License Agreement, and TestMasters' authorization to use LSAC's copyrights, expired on July 31, 2009.  Vaseleck Decl., ¶ 29.  TestMasters still has access to the LSAT Materials it previously licensed and is likely to continue use of the materials. *Inst. for Motivational Living*, 2008 U.S. Dist. LEXIS 9631, at *8 (finding that, under circumstances where prior licensee had continued access to licensed materials following expiration of license, it is reasonable to conclude that unauthorized use of the licensed materials occurred).  Indeed, notwithstanding the expiration of the 2007 License, TestMasters' president

has admitted that TestMasters intends to continue its use of LSAC's copyrights. Vaseleck Decl., ¶ 35, Ex. 17 ("[W]e cannot discontinue using LSAT questions copyrighted by the LSAC. . .").

Moreover, the "LSAT questions copyrighted by the LSAC" are an integral part of the TestMasters course. The TestMasters website states that "every student enrolled in [the] full length [TestMasters] course receives a personal set of every available real LSAT question in existence (more than 6000 questions) . . . and these questions are grouped according to type so that students can grasp the underlying consistencies of the exam." Vaseleck Decl., ¶ 11, Ex. 1. TestMasters' president has admitted in correspondence with LSAC that TestMasters' use of LSAT Materials is a "vital part of [its] LSAT course." Vaseleck Decl., ¶ 17, Ex. 5. In light of the foregoing, as long as TestMasters is still conducting business and offering its course, it continues to use, reproduce, distribute, publicly display and create derivative works of LSAC's LSAT Materials in violation of LSAC's exclusive rights under the statute. Thus, LSAC is more than likely to meet its burden of proving that TestMasters is copying the copyrights in question. *See Dun & Bradstreet*, 307 F.3d 197, at 206 ("Copying is a 'short hand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106.'").

### B.    LSAC Will Continue to Suffer Irreparable Harm if the Court Does Not Issue a Preliminary Injunction

This Court can presume that LSAC will continue to suffer irreparable harm if TestMasters is not enjoined from infringing LSAC's valuable copyrighted LSAT Material. "A showing of a *prima facie* case of copyright infringement, or reasonable likelihood of success on the merits, raises a presumption of irreparable harm." *Apple Computer*, 714 F.2d at 1254. The Court of Appeals for the Third Circuit has gone so far as to say that "a copyright plaintiff who makes out a prima facie case of infringement is entitled to a preliminary injunction without a detailed showing of irreparable harm." *Id*. (citing 3 Nimmer on Copyright § 14.06[A], at 14-50,

14-51 & n.16 (collecting authorities)).  Because LSAC is highly likely to succeed on the merits

of its copyright infringement claim, LSAC is entitled to a presumption of irreparable harm.

Even putting aside this presumption, irreparable harm is apparent.  The costs, staff hours,

and efforts dedicated to creating the LSAT questions, carefully calibrating them until they are

suitable for testing, administering the test questions on a quarterly basis, providing students with

a detailed score report, and preserving the integrity of the test itself are significant.  *See* Vaseleck

Decl., ¶ 42; *see also Apple Computer*, 714 F.2d at 1254 (recognizing the "considerable time and

money" invested in the development of the infringed materials in the suit as evidence in the

irreparable harm determination).  In fact, it is precisely LSAC's significant investment in the

quality and effectiveness of its LSAT test materials that creates a market for it to license the

questions to test preparation companies such as TestMasters for substantial amounts of money.

Vaseleck Decl., ¶ 42.

Allowing TestMasters to make such sweeping, unauthorized commercial use of the

materials causes LSAC irreparable harm by directly affecting LSAC's investment and reputation,

the standards by which current LSAC licensees will agree to operate, and the pricing LSAC will

be able to set for its valuable materials.  Vaseleck Decl., ¶ 44; *See also Apple Computer*, 714

F.2d at 1254 (recognizing that even without the presumption of irreparable harm, the  effect on

plaintiff's investment and competitive position caused by defendant's infringement constituted

irreparable harm for the purpose of a preliminary injunction analysis);  *Educ. Testing Sers. v.

Katzman*, 793 F.2d 533, 544 (3d Cir. 1986) (noting infringement of SAT test questions created

damage to plaintiff's investment as the test questions were "central to the essence of plaintiff's

operations" and there was evidence of "significant time, effort, and money" directed to

producing the questions).  TestMasters' widespread, unauthorized use has the potential to place

LSAC's valuable copyrighted materials into the hands of countless numbers of end-users whose unauthorized and unrestricted uses could undermine the value of the copyright. Vaseleck Decl., ¶ 45. This potential for repeated infringement is unacceptable and causes damage to LSAC that is impossible to estimate and that cannot be quantified in monetary terms, constituting irreparable harm. *See AMC Tech., L.L.C. v. SAP AG*, 78 U.S.P.Q.2d 1834, 1844 (E.D. Pa. 2005) (finding irreparable harm where there existed no reliable method to calculate plaintiff's damages due to recognized inability to identify specific infringers after widespread dissemination of infringing material made to end-users).

Even if monetary damages for TestMasters' ongoing willful infringement could be calculated, there is no reason to believe that such damages would be recoverable. TestMasters has said that it is unable to pay the royalties it acknowledges it owes for prior licensed use of LSAT Materials and, therefore, LSAC is unlikely able to recover any monetary damages awarded against it for ongoing and future infringing use. Vaseleck Decl., ¶ 35. For the foregoing reasons, LSAC will continue to suffer irreparable harm if TestMasters' infringing conduct is allowed to continue.

**C.    TestMasters Will Not Suffer Irreparable Harm if the Court Issues a Preliminary Injunction**

In determining whether to grant a preliminary injunction, courts must consider "the likelihood of irreparable harm to the non-moving party." *Video Pipeline*, 342 F.3d at 196. As detailed above, the hardships LSAC will suffer if this Court denies injunctive relief are substantial, and clearly outweigh any harm caused to TestMasters if an injunction is granted. LSAC is not required to make any showing regarding possible burdens or harms, if any, TestMasters might suffer if an injunction issues. *Acierno v. New Castle County*, 40 F.3d 645,

653 (3d Cir. 1994). If there is to be any balancing of the harms between the parties, the Third

Circuit has held that the Defendant bears the burden of proof:

> As a matter of logic, the moving party cannot have the burden to
> introduce evidence showing the harm that will be suffered by the
> opposing party if the injunction is issued. Rather, the moving
> party has the burden to show the harm it will suffer if no injunction
> issues, and if the non-moving party feels it will suffer greater harm
> or irreparable harm from the injunction, it has the burden to so
> demonstrate.

*Neo Gen Screening, Inc. v. Telechem Int'l, Inc.*, 2003 U.S. App. LEXIS 14025, at *9-10 (3d Cir.

July 11, 2003) (emphasis supplied).

That being said, TestMasters cannot be heard to complain that an injunction would

threaten the profits, market share, or reputation derived from its infringement of the LSAT

Materials. Any inconvenience, financial harm, or burden experienced by TestMasters as a result

of being required to cease all use of the LSAT Materials is a directly foreseeable consequence of

TestMasters' infringement. TestMasters has no legal right to profit from infringement of

LSAC's copyright. *See Inst. for Motivational Living, Inc. v. Sylvan Learning Ctr., Inc.*, No. 06-

0828, U.S. Dist. LEXIS 9637, at *14 (W.D. Pa. Feb. 8, 2008) ("An injunction . . . should not be

denied due to the effect it would have on the defendant's business."). Indeed, as the Third

Circuit has stated, to allow a defendant to rest on the "devastating effect" a preliminary

injunction might have on its business would allow "a knowing infringer . . . to construct its

business around its infringement." *Apple Computer*, 714 F.2d at 1255. The Third Circuit has

refused to "condone" this result. *Id.*

Moreover, TestMasters has brought any harm to its business upon itself by engaging in

willful violations of the law. *Novartis v. Johnson & Johnson-Merck Consumer Pharm.*, 290 F.3d

578, 596 (3d Cir. 2002) (any "injury a defendant might suffer if an injunction were imposed may

be discounted by the fact that the defendant brought that injury upon itself."); *see also John T. v.*

*Commonwealth of Pennsylvania*, 2000 U.S. Dist. LEXIS 6169, at *23 (E.D. Pa. May 8, 2000) (requiring defendant to comply with federal and state law does not inflict a cognizable harm to defeat application for injunction).  Thus, any purported harm that an injunction would cause to TestMasters should not bar this Court's entry of an injunction.

> ### D.    The Public Interest Favors Granting LSAC's Motion for Preliminary Injunction.

In the Third Circuit, courts must consider the public interest in determining whether to issue an injunction.  *Video Pipeline*, 342 F.3d at 196.  Granting preliminary injunctive relief in this case comports with the public interest in protecting copyrights from infringement.  "An injunction which enforces federal copyright laws, and protects the rights and responsibilities defined by them, is by definition in the public interest." *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, LTD*, 555 F. Supp. 2d 537 (E.D. Pa. 2008); s*ee also AMC Tech.*, U.S.P.Q.2d at 1834 ("The public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in a protected work . . ."); *Apple Computer,* 714 F.2d at 1255 (3d Cir. 1983) (same). "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).  By contrast, TestMasters can show no critically persuasive public interest that would justify its continued infringement of the copyrighted materials in suit.

## IV.    CONCLUSION

For the foregoing reasons, LSAC respectfully requests the Court to immediately enjoin TestMasters, its owners, officers, agents, servants, employees, and all those in active concert and/or participation with it from (a) making any use including, but not limited to, reproducing,

distributing, publicly displaying and creating derivative works of the LSAT Materials, and of any materials that incorporate the LSAT Materials; and (b) making any statement on its website or in other promotional materials that expressly or impliedly suggests that TestMasters has a license or other authorization from LSAC to use, reproduce, distribute, publicly display or create derivative works of the LSAT Materials.

September 4, 2009                                 Respectfully submitted,


                                                 s/ John V. Gorman
                                                 John V. Gorman (PA Bar No. 80631)
                                                 Andrew C. Whitney (PA Bar No. 201534)
                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                 1701 Market Street
                                                 Philadelphia, PA 19103-2921
                                                 Tel: 215-963-5000

*Of Counsel:*
Brett I. Miller
Anita B. Polott
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave, N.W.
Washington, D.C.  20004
Tel: 202-739-3000

                                                 ATTORNEYS FOR PLAINTIFF
                                                 LAW SCHOOL ADMISSION
                                                 COUNCIL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Motion for Preliminary Injunction was served on September 4, 2009 by hand delivery to:

> Robin Singh Educational Services, Inc., d.b.a. TestMasters
> 1620 26th Street
> Santa Monica, California 90404

> And by FIRST CLASS MAIL to:

> Robin Singh
> c/o Robin Singh Educational Services, Inc., d.b.a. TestMasters
> 1620 26th Street
> Santa Monica, California 90404

> <u>s/ John V. Gorman</u>
> John V. Gorman

DB1/63591322.5