IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC. : | CIVIL ACTION<br>Case No. 09-cv-04050-JF |
| Plaintiff, : | |
| v. : | |
| ROBIN SINGH EDUCATIONAL SERVICES, :<br>INC., D.B.A. TESTMASTERS : | |
| and : | FILED |
| ROBIN SINGH, :<br>    Defendants. : | MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

## CONSENT ORDER

Plaintiff Law School Admission Council, Inc. ("LSAC") and Defendants Robin Singh Educational Services, Inc., D.B.A. TestMasters ("TestMasters") and Robin Singh ("Singh" and collectively, "Defendants") hereby stipulate and agree to the following:

1. LSAC brought claims in this action for willful copyright infringement and breach of contract. The copyright registrations that cover LSAC's proprietary LSAT questions, answers, answer keys, and related materials that were the subject of this action ("LSAT Materials") are listed in Exhibit A to the Complaint.

2. The parties have entered into a Settlement Agreement and Release ("Settlement Agreement") dated September 16, 2009. Pursuant to the Settlement Agreement, TestMasters has paid in full the licensing fees owed to LSAC under the 2007 license agreement that was the subject of this action, and the parties have agreed to the entry of this Consent Order to govern the enforcement of the Settlement Agreement and future disputes regarding TestMasters' license of

LSAC's copyrighted materials. The parties have also agreed that, upon the execution of the Settlement Agreement, they will enter into a license agreement which permits TestMasters to make limited use of the LSAT Materials consistent with the terms of such agreement in exchange for a fee (the "2009 License Agreement").

3. Subject to the entry of this Consent Order, LSAC's claims in this action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

4. Defendants acknowledge the validity of the registrations and copyrights in the LSAT Materials and agree not to contest or otherwise interfere with LSAC's copyrights and LSAC's efforts to enforce those rights.

5. Defendants acknowledge that their use of the LSAT Materials in any manner that is not permitted under the express terms of the 2009 License Agreement or any future license agreement between the parties regarding the LSAT Materials constitutes willful infringement of the copyrights in the LSAT Materials.

6. Subject to the exception listed in paragraph 7, Defendants are permanently enjoined from:

(a) using, distributing, reproducing, publishing, displaying, offering for sale, license, or any other purpose, the LSAT Materials, in whole or in part, and in any media now known or later developed; and

(b) making any statement on Defendants' websites or in other promotional materials that expressly or impliedly suggests that Defendants have a license or other authorization from LSAC to use, reproduce, distribute, publicly display or create derivative works of the LSAT Materials.

7. TestMasters may only use the LSAT Materials pursuant to the express terms of the 2009 License Agreement or any future license agreement between the parties regarding the LSAT Materials.

8. Defendants agree that LSAC will be irreparably harmed by any breach of the 2009 License Agreement, any future license agreement between the parties regarding LSAC's copyrights, the Settlement Agreement, or this Order and, in the event of any such breach, LSAC will be entitled to injunctive relief to prevent Defendants from:

   (a) using, distributing, reproducing, publishing, displaying, offering for sale, license, or any other purpose, the LSAT Materials, in whole or in part, and in any media now known or later developed; and

   (b) making any statement on Defendants' websites or in other promotional materials that expressly or impliedly suggests that Defendants have a license or other authorization from LSAC to use, reproduce, distribute, publicly display or create derivative works of the LSAT Materials.

9. In the event that Defendants breach any provision of the 2009 License Agreement, any future license agreement between the parties regarding LSAC's copyrights, the Settlement Agreement, or this Order, or make any unlicensed use of the LSAT Materials and as a result of such breach or unlicensed use, LSAC initiates legal proceedings to enforce its rights, Defendants hereby:

   (a) agree to reimburse LSAC for all of its costs, including reasonable attorney's fees incurred in connection with such legal proceedings; and

   (b) agree to immediately destroy all copies of the LSAT Materials in their possession or control in any and all media.

10. In the event that Defendants breach any provision of the 2009 License Agreement, any future license agreement between the parties regarding LSAC's copyrights, the Settlement Agreement, or this Order, Defendants hereby agree that all money owed to LSAC by Defendants pursuant to that license agreement or the Settlement Agreement and Release is immediately due and payable to LSAC.

11. The Court retains jurisdiction to enforce the terms of the 2009 License Agreement, the Settlement Agreement and this Order.

IT IS SO STIPULATED:

_____
John V. Gorman (PA Bar No. 80631)
Andrew C. Whitney (PA Bar No. 201534)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215-963-5000

*Of Counsel:*
Brett I. Miller
Anita B. Polott
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel: 202-739-3000

COUNSEL FOR PLAINTIFF LAW SCHOOL ADMISSION COUNCIL, INC.

_____
Randal S. White
FOX ROTHSCHILD LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976
Tel: 215-918-3610

*Of Counsel:*
Hassan Zavareei
TYCKO & ZAVAREEI LLP
2000 L Street, N.W.
Suite 808
Washington, D.C. 20036
Tel: 202-973-0900

COUNSEL FOR DEFENDANTS ROBIN SINGH EDUCATIONAL SERVICES, INC., D.B.A. TESTMASTERS and ROBIN SINGH

IT IS SO ORDERED:

DATED: __September 21, 2009__            _____
                                          Judge John P. Fullam

4